IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CLAY BENTLEY LABORDE, #22518F | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv30 |
| BRADY LUNCEFORD, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Clay Bentley Laborde ("Laborde" or "Plaintiff"), an inmate confined in the Van Zandt County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on February 5, 2010. In it, Plaintiff claims that on October 5, 2006, in or near Canton, Texas, Texas State Trooper Brady Lunceford violated his Fourth Amendment rights when Trooper Lunceford stopped Plaintiff for a traffic violation, discovered drugs, performed a "leg sweep" putting Plaintiff on the ground, arrested him and falsified a police report and documents after the fact. He also claims that Van Zandt County District Attorney Leslie P. Dixon and Assistant District Attorney Amber Slaton violated his constitutional rights, ignored "true facts," allowed the facts of his case to be "altered" and allowed false convictions in his case to take place. Finally, he alleges the attorney who represented him at proceedings on this arrest, Deborah Beesley, also violated his constitutional rights, ignored the "true facts," allowed the facts

1

of his case to be "altered" and allowed false convictions in his case. *See* Complaint at 3 (also contending that "[a]ll Defendants above listed violated the Hippocratic oath's!").

On August 3, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id*. at 180. The Plaintiff testified as to the factual basis of his claims. Van Zandt County District Attorney Leslie P. Dixon testified (1) as to the authenticity of a VHS tape and DVD copies of the content of the VHS tape, which were admitted into evidence, and (2) on cross-examination, as to the past and present capability in her office to record and copy such videos. Counsel for the District Attorney and Assistant District Attorney and separate counsel from the Office of the Texas State Attorney General for Trooper Lunceford, also participated in the hearing.

Plaintiff testified that he had been pulled over by Trooper Lunceford on October 5, 2006, while driving eastbound on Interstate 20 near Canton, Texas, for defective license plate lights. Plaintiff contested that the lights were defective, and asserted at the *Spears* hearing that he believed he was pulled over because he had Louisiana license plates on his car. Trooper Lunceford asked to search Plaintiff's car, but Plaintiff declined. While Plaintiff waited at the rear of his car with his hands in his pockets, Trooper Lunceford ran his license. All the while, the encounter was being recorded by the Trooper's in-car camera. Plaintiff admitted during the hearing that he had drugs on him. He testified that Trooper Lunceford returned to the car and executed a "leg sweep" on Plaintiff, putting him on the ground and handcuffing him. He had Plaintiff sit in the grass on the side of the road while he searched Plaintiff's car.

Plaintiff testified that when Trooper Lunceford opened the car door, it swung back and hit him, causing a mark under his eye. The Trooper found a needle in the car. Shortly after, he was joined by Trooper Blalock and Sheriff Deputy Charlie Barton. During this time, Plaintiff, standing by the road with his hands cuffed behind him, pulled drugs out of his waistband, as he testified during the *Spears* hearing, and threw them away from him. The officers observed him and took him to the Van Zandt County Jail, where he was booked at about 3:00 a.m. on October 6, 2006. He stated during the *Spears* hearing that he remained in jail for 99 days until he was released on bond on January 12, 2007.

From there, Plaintiff's story went farther afield. He admitted that he was arrested on unrelated charges, also involving drugs and a car, in Wood County and eventually was released on bond there as well. He testified that he disappeared - "absconded," and both Plaintiff and the Court put it - from both Van Zandt County and Wood County for 21 months while he checked into a drug rehabilitation facility. Eventually re-emerging from rehab, Plaintiff testified he returned to both Van Zandt and Wood Counties to "get right" with his legal charges and be able to obtain a new driver's license.

In Van Zandt County, Plaintiff testified that he was represented by appointed counsel Deborah Beesley, and that on her advice, he entered into a plea agreement on January 15, 2009, pleading guilty to all charges, including charges for drug possession and for assaulting Trooper Lunceford during the October 5, 2006, arrest.

Van Zandt District Attorney Dixon testified, authenticating the original VHS tape from Trooper Lunceford's patrol car and DVD copies from it that were entered into evidence. On cross-examination, she described the video equipment available at her office, both as it existed in 2006 and

as it currently exists. Following DA Dixon's testimony, counsel for the District Attorney offered the VHS tape, DVD copies and several hundred pages of records into evidence. Plaintiff made no objection, and all such was accepted into evidence as part of the record of the case.[1]

Plaintiff testified further, asserting and repeating that it was only after entering into the plea agreement that it became clear to him, so he says, how much time he could spend in jail due to the enhancement of assaulting a law enforcement officer. He claims that he perjured himself at the time, by pleading guilty to the assault charge, in order to obtain the plea agreement. He freely admitted having had drugs, but testified that he had not "head-butted" Trooper Lunceford. Instead, he insisted that the Trooper was injured by Plaintiff's car door when the Trooper tried to search the car. He now

---

[1] The Court, having watched the recording of the event, describes pertinent portions of the video. The date and time are visibly imprinted on the video. Trooper Lunceford pulled Plaintiff over shortly before midnight on October 5, 2006, for a defective license plate light. While running Plaintiff's Louisiana license plates inside his patrol car, Trooper Lunceford can be heard telling the dispatcher that he could smell "weed" inside the car and called for backup. Before backup arrived, the Trooper had Plaintiff step out of the car and showed him the license plate light. They discussed it for a few moments. The Trooper began questioning Plaintiff about the odor of marijuana and started to execute a pat-down. Plaintiff resisted and began fighting Trooper Lunceford, who subdued Plaintiff by wrestling him to the ground and placing handcuffs on him. He advised Plaintiff he was under arrest. He placed Plaintiff at the side of the road, outside the view of the camera, where he apparently stayed. In the course of searching the vicinity, Trooper Lunceford, in the view of the camera, found at least two packages in the area where Plaintiff had fought him. He was joined by the two other officers. All three searched the area and the inside of the car. At no time did a door of the car "swing back" to strike Trooper Lunceford in the face, as Plaintiff testified at the *Spears* hearing. They found an open syringe in the car and other drugs, including cocaine. After Trooper Lunceford read Plaintiff his *Miranda* warning, which Plaintiff acknowledged understanding, Plaintiff asked if Trooper Lunceford would "make a deal" with him, apparently in an effort to gain his freedom. Trooper Lunceford declined. The remainder of the encounter was uneventful and Plaintiff was placed in the patrol car for transport. Inside the patrol car, Plaintiff can still be heard asking the Trooper to "Sir, please work with me. Work with me, man," several times and offering to reveal the source of his drugs. Trooper Lunceford would not deal with him but advised him he would be going to jail on charges of resisting arrest, search and transport; and possession of marijuana and cocaine. The Trooper did explain the basis for having probable cause - the odor of marijuana - to conduct the search that Plaintiff resisted. The video ends with the patrol car arriving at its destination about 31 minutes after midnight on October 6, 2006.

claims that Trooper Lunceford made a false arrest in violation of the Fourth Amendment by executing what he calls a "leg sweep" and that he falsified the charge of assaulting a law enforcement officer. In his complaint, he originally sought an order to preserve the DVD copy of the VHS tape of the arrest from Trooper Lunceford's patrol car.[2] He now claims that the DVD has been altered to support the prosecution's charges.[3] He also asserts that the prosecutors, including the Van Zandt County District Attorney herself, and defense counsel all ignored the true facts and allowed the facts to be altered, resulting in "false convictions."

## Discussion and Analysis

In separate pleadings, Trooper Lunceford filed an answer by counsel from the State Attorney General's office; the remaining Defendants filed their answer by counsel from the Van Zandt County District Attorney's office. Each asserts various defenses, including sovereign, absolute and qualified immunity; in the case of DA Dixon and ADA Slaton, prosecutorial immunity; and others. All Defendants assert the defense of the statute of limitations under a § 1983 case.

A. <u>Trooper Lunceford</u>.

There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual

---

[2] This is the only relief Plaintiff seeks in his complaint. If he did not have a copy of the DVD before, he was given a copy by the Van Zandt County District Attorney when the original VHS tape and DVD copies made from it were admitted into evidence at the *Spears* hearing. Therefore, regardless of the outcome of this case, he has obtained the relief sought.

[3] A brief portion of the middle of the recording can be seen to slowly degrade with "snow" or "fuzz" although the action is never obscured to the extent it cannot be seen. It eventually clears up again. Plaintiff's struggle with Trooper Lunceford is not obscured, nor is the opening of Plaintiff's car doors during the search of the vehicle. The video does not support Plaintiff's version of the events.

commences. *Wallace v. Kato*, 549 U.S. 384, 387-88, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). The statute of limitations in Texas for § 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). Accrual generally begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418. Specifically, the statute of limitations upon a § 1983 claim for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. *Wallace*, 549 U.S. at 397; *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (remanding to the district court because the record did not show when detainment pursuant to legal process began). The date of receipt of the complaint, rather than the formal filing date, governs the time of filing for limitations purposes. *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987).

Here, Plaintiff's § 1983 claims against Trooper Lunceford are for false arrest in violation of the Fourth Amendment, an assault on Plaintiff during the arrest, and filing false police reports. Although he does not specifically state his claim that way in his complaint, that is nonetheless the gist of it. Further, he did state his claim in precisely those terms during the *Spears* hearing. Therefore, the statute of limitations could not start running in his claim until he was detained pursuant to legal process, not merely with his arrest. *See Wallace*, 549 U.S. at 391-92, 397; *Mapes*, 541 F.3d at 584. Neither Plaintiff's complaint nor either of the answers filed by the Defendants revealed a specific date other than the date of Plaintiff's arrest, October 5, 2006. However, during the *Spears* hearing, Plaintiff testified that he was released on bond on the Van Zandt County charges against him - the only operative charges in this § 1983 action - on January 12, 2007. That is borne out in the evidence

6

of record admitted without Plaintiff's objection at the *Spears* hearing. *See* VZC 00648, entitled "Defendant Information," showing that Plaintiff obtained a bond in the amount of $25,000 on January 11, 2007, in the County criminal case,[4] and VZC 00648, issuance of the same bond over Plaintiff's sworn statement that he would appear before the court in further proceedings, which he signed on January 12, 2007. Further, he was set for a hearing before the Honorable Teresa A. Drum in Canton, Texas, on May 1, 2007, VZC 00649, from which he apparently absconded according to the Bailiff's Certificate at VZC 00650. Being bonded to appear is sufficient legal process to begin running the statute of limitations under a Fourth Amendment false arrest claim. *See Banks v. Dixon*, 2009 WL 2828028, at *3 (W.D. La. Sept. 2, 2009) (citing *Mapes*). Therefore, Plaintiff must have filed his § 1983 false arrest claim within two years of January 12, 2007, that is, by January 12, 2009. He filed his lawsuit on February 5, 2010. Thus, his false arrest claim exceeds the statute of limitations and is without merit.

      B.      <u>District Attorney Dixon and Assistant District Attorney Slaton</u>.

Plaintiff is suing the District Attorney and Assistant District Attorney because they "ignored the true facts, allowed the facts to be altered, allowed false convictions," referring to the enhanced charge of assault on Trooper Lunceford. Complaint at 3. At the *Spears* hearing, he testified that he was suing them because they "know" Plaintiff did not assault Trooper Lunceford.

Although the initial operative event in this case occurred in 2006, the Van Zandt County prosecutors became involved in January 2009, apparently after Plaintiff re-emerged from his stint

---

[4] Detention pursuant to legal process may have commenced as early as October 6, 2006, when Trooper Lunceford filled out four Affidavits of Probable Cause, one each on charges of resisting arrest, search and transport; assault on a public servant; possession of marijuana; and possession of cocaine. *See* VZC 00515-18. Each was sworn before a notary public or magistrate.

7

in drug rehabilitation. At that time, ADA Slaton negotiated a plea agreement with Plaintiff, through counsel. The plea agreement was executed on January 15, 2009. *See* VZC00507. The same day, Plaintiff entered a plea of guilty before Judge Drum in the Van Zandt County District Court. *See* VZC 00447-69. DA Dixon appeared for the State of Texas during the plea hearing.

The prosecutors also claim the defense of the statute of limitations against Plaintiff's claims. To the extent that their involvement less than two years from the date of Plaintiff's complaint may invalidate the defense, both DA Dixon and ADA Slaton are nonetheless absolutely protected by the doctrine and defense of prosecutorial immunity. "[A]bsolute immunity applies when a prosecutor prepares to initiate a judicial proceeding[.]" *Van de Kamp v. Goldstein*, 129 S. Ct. 855, 861 172 L. Ed. 2d 706 (2009). As the Fifth Circuit has stated:

> To determine the scope of a prosecutor's absolute immunity from § 1983 liability, we ignore formal labels of identity and ask (1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity. Under these principles, prosecutorial immunity extends to conduct that is intimately associated with the judicial phase of the criminal process, but not to those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings[.] In other words, prosecutorial immunity protects the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, but not the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested.

*Hoog-Watson v. Guadalupe County*, 591 F.3d 431, 438 (5th Cir. 2009) (internal citations and quotations omitted). Plaintiff has not alleged that either DA Dixon or ADA Slaton had anything to do with his case other than to negotiate and effectuate the plea agreement, a prelude to judicial acceptance and judgment. Nothing in the evidence submitted suggests that either of the prosecutors participated in any conduct other than that "intimately associated with the judicial phase of the criminal process." *Id.* Therefore, DA Dixon and ADA Slaton enjoy absolute prosecutorial immunity

in this instance and Plaintiff's claims are without merit.

      C.      Assigned Counsel Deborah Beesley.

Plaintiff repeats the same claims against his assigned counsel, Deborah Beesley, as he did against the prosecutors, namely that she ignored the true facts of his case and allowed a "false conviction" when she "pushed" him to enter into the plea agreement in January 2009. Complaint at 3-4. To the extent that the two-year statute of limitations may not apply to Ms. Beesley, she is still exempt from this § 1983 suit because she was not acting under color of law.

Two elements are necessary for recovery in a § 1983 suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970). Section 1983 does not cover claims against purely private parties and, therefore, does not constitute a cognizable federal claim. *See Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

In his complaint, Plaintiff does not allege a conspiracy between Ms. Beesley and the prosecutors. He merely states that "[t]he DA, Asst DA, and my atty all ignored the facts." Complaint at 4. He does not suggest how the three would have known the "facts" that he now alleges or why they should have believed the "facts" of his current story, or that they worked in collusion on that point. Even if he had alleged a conspiracy, he must prove an actual deprivation of a constitutional right. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). *See also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under

§ 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 28 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (internal citations and quotations omitted), *vacated on other grounds and remanded*, 117 F.3d 1504 (5th Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1058, 118 S. Ct. 716, 139 L. Ed. 2d 656 (1998); *see also Scott v. Curry*, 46 Fed. Appx. 732, 732 (5th Cir. 2002) (unpublished opinion), *Decker v. McDonald*, 2010 WL 1424322, at *23 (E.D. Tex. Jan. 11, 2010). Here, the Plaintiff has not alleged facts, either in his complaint or in his testimony during the *Spears* hearing, supporting an inference that there was a conspiracy involving Ms. Beesley and any state actor that resulted in the violation of his rights under § 1983.

Again, Plaintiff's complaint fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law or in fact. It is therefore

**ORDERED** that the Plaintiff's civil rights claims against Trooper Lunceford, District Attorney Dixon, Assistant District Attorney Slaton and Counsel Beesley are **DISMISSED** with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **13** day of **August, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE