IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CLAY BENTLEY LABORDE, #22518F | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv30 |
| BRADY LUNCEFORD, ET AL. | § | |

MEMORANDUM OPINION ON
MOTION FOR RECONSIDERATION

Plaintiff Clay Bentley Laborde ("Laborde" or "Plaintiff"), an inmate confined in the Van Zandt County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

I. **Background and Procedural History**

The original complaint was filed on February 5, 2010. In it, Plaintiff claimed that on October 5, 2006, in or near Canton, Texas, Texas State Trooper Brady Lunceford violated his Fourth Amendment rights when Trooper Lunceford stopped Plaintiff for a traffic violation, discovered drugs, performed a "leg sweep" putting Plaintiff on the ground, arrested him and falsified a police report and documents after the fact. He also claimed that Van Zandt County District Attorney Leslie P. Dixon and Assistant District Attorney Amber Slaton violated his constitutional rights, ignored "true facts," allowed the facts of his case to be "altered" and allowed false convictions in his case to take place. Finally, he alleged the attorney who represented him at proceedings on this arrest,

1

Deborah Beesley, also violated his constitutional rights, ignored the "true facts," allowed the facts of his case to be "altered" and allowed false convictions in his case. *See* Complaint at 3 (also contending that "[a]ll Defendants above listed violated the Hippocratic oath's!").

The Court conducted an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) on August 3, 2010, during which Plaintiff testified extensively, as did DA Dixon, who authenticated the dashboard video taken of Plaintiff's arrest by Trooper Lunceford. Plaintiff cross-examined DA Dixon at length.

On August 13, 2010, the Court issued a Memorandum Opinion and Order of Dismissal with Final Judgment, finding that Plaintiff's claims against Trooper Lunceford exceeded the statute of limitations applicable to actions under § 1983. Therefore, all of Plaintiff's claims against the Trooper were time-barred. In addition, the Court held that DA Dixon and ADA Slaton enjoyed absolute prosecutorial immunity against Plaintiff's claims. Finally, the Court held that Plaintiff's assigned trial counsel, Ms. Beesley, was not acting under color of law when she represented him during his plea agreement and was therefore not subject to Plaintiff's § 1983 claims. Consequently, all of Plaintiff's § 1983 claims were dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) on August 13, 2010.

On September 24, 2010, Plaintiff filed a document entitled, "Motion to Appeal Decission [*sic*] of the Dist Court & or Reconsideration Due to the Following." *See* Mot. at 1.

**II.     Discussion and Analysis**

Plaintiff's motion presents three different elements for analysis.

**A.     "Motion to Appeal"**

Plaintiff is unclear in his motion whether he seeks to appeal the Court's Final Judgment. He

has not filed a notice of appeal or initiated any proceedings in the United States Court of Appeals for the Fifth Circuit. To the extent the title of his motion signals a desire to appeal, he is untimely. Federal Rule of Appellate Procedure 4 specifies that,

> In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

Fed. R. App. P. 4(a)(1)(A). Of the exceptions enumerated above, none is satisfied here. Rule 4(a)(1)(B) pertains when the United States or its officer or agency is a party, which is not the case here. Rule 4(a)(4) states that "[i]f a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," including a motion for a new trial under Rule 59 or for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered. *See* Fed. R. App. P. 4(a)(4)(A)(v) & (vi). Plaintiff is not moving for a new trial and his motion for reconsideration was filed more than 28 days after the judgment was entered. Rule 4(c) applies to Plaintiff's circumstance in that he is an inmate confined in an institution, but his motion was not "deposited in the institution's internal mail system on or before the last day for filing." *See* Fed. R. App. P. 4(c)(1). Although Plaintiff did not make a declaration as to the timeliness of his mailing in compliance with 28 U.S.C. § 1746 or by a notarized statement, as required by Rule 4(c)(1), the envelope containing his motion has the term "Documented Sent 09-17-10" handwritten on it, and it bears first-class postage. This Court's Order and Final Judgment was entered on August 13, 2010; the motion placed in the prison mail system on September 17, 2010, is therefore not considered filed within 30 days of the judgment or order and is untimely.

### B. Motion for Reconsideration

Plaintiff does seek reconsideration of the Court's Final Judgment. He does not, however, specify the legal basis for his motion.

#### 1. Federal Rule of Civil Procedure 59(e)

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)). If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1. However, a Rule 59(e) motion must in any case be filed within 28 days of the entry of the judgment. *See* Fed. R. Civ. P. 59(e). Plaintiff has met neither timeliness standard here and the Court will not consider his motion for reconsideration as a Rule 59(e) motion

4

to alter or amend a judgment.

   2.   **Federal Rule of Civil Procedure 60(b)**

Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Without deciding whether Plaintiff's filing was "made within a reasonable time" in this case, the Court notes that Plaintiff alleges none of the grounds enumerated in Rule 60(b)(1)-(6). Instead, he seeks reconsideration "due to the following":

   1.   The pull over isn't on DVD
   2.   Supervisors sign off of synopsis 11 days after [initial] report
   3.   Trooper's actual signature on report
   4.   [Probable] cause issue/ticket [deleted] off book in sheet & tickets issued
   5.   Variations in ticket book/issuing of tickets
   6.   Trooper[']s signature on affidavit of probable cause

5

       7.       Arrest/book in report to jail, some 3 [hours] after fact
       8.       See yellow pages #1-3

Mot. at 1. This is the sum total of Plaintiff's entire motion. He includes no argument or citation to authority at all. From the bare listing of reasons above, it is apparent that Plaintiff simply is once again re-hashing his arguments raised all along in this case, none of which have anything whatsoever to do with the basis for dismissing his § 1983 claims with prejudice as frivolous. He attaches 51 pages of documents,[1] most of which are unexplained except for the three-page arrest report Trooper Lunceford filed at the time of Plaintiff's arrest and the probable cause affidavit referred to in items (6) and (8) above. The remainder are miscellaneous documents from in and around the time of his arrest and booking, various medical record entries, and handwritten notes Plaintiff compiled but does not cite for any purpose. None addresses the basis of the Court's judgment dismissing Plaintiff's claims, outlined above. Furthermore, Plaintiff does not explicitly or impliedly assert that any of the provisions of Fed. R. Civ. P. 60(b)(1) through (5) apply, nor can his bare argument be construed to do so. As to Rule 60(b)(6), "any other reason that justifies relief," this subsection is intended to address "unforeseen contingencies" and "accomplishing justice in *exceptional circumstances*." *Steverson*, 508 F.3d at 303 (quoting *Stipelcovich*, 805 F.2d at 604-05) (emphasis added).

Here, Plaintiff has presented no "exceptional circumstances" not already advanced in lengthy briefings, motions and a full evidentiary hearing prior to the Court issuing its decision. Certainly, he has presented no argument at all aimed at the basis of the Court's judgment. Making almost no argument in his motion for reconsideration, what little he does present can only be interpreted as a restatement of his original arguments, which could not, and cannot, overcome either the statute of

---

      [1]      Exceeding the page limitation for *pro se* litigants of 20 pages including attachments. *See* E.D. Tex. Local Rule CV-3.

limitations or the immunities from suit that rendered his case frivolous.

### III. Conclusion

For the various reasons stated above, Plaintiff's motion for reconsideration is without merit. It is accordingly

**ORDERED** that Plaintiff's "Motion to Appeal Decission [*sic*] of the Dist Court & or Reconsideration Due to the Following" (docket entry #63) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **8** day of **October, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE